UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SMITH, | : | CIVIL ACTION NO. 3:CV-05-0058 |
| Petitioner | : | (Judge Nealon) |
| v. | : | |
| TROY WILLIAMSON, | : | |
| Respondent | : | |

## ORDER

Kenneth Smith, a federal inmate confined in the Federal Correctional Institution, Allenwood, Pennsylvania, ("FCI-Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the Bureau of Prisons has incorrectly computed credit that he is due on his federal sentence. Specifically, Petitioner seeks credit for July 15, 1999 through April 24, 2001, the time he spent in federal custody awaiting disposition of his federal charges and credit for May 10, 2001 through September 5, 2003, the time spent in state custody before commencement of his federal sentence on September 6, 2003. On February 16, 2005, a response to the petition was filed. (Doc. 10). A traverse was filed on March 10, 2005. (Doc. 15). Thus, the petition is ripe for disposition. For the

reasons set forth below, the petition will be denied.

**Background**

On March 24, 1999, Petitioner was arrested by the Philadelphia Police Department on state charges of robbery, theft by unlawful taking, receiving stolen property, and carrying a firearm without a license.  He remained in state custody from that date.  (Doc. 10, Ex. 1, Declaration of Al J. Farley, FCI-Allenwood Assistant Inmate System Manager at ¶ 4).

On June 10, 1999, the Pennsylvania Board of Probation and Parole ("PA Board") revoked Petitioner's parole supervision from a previous state term under Indictment # 9108-3735 1/1 for a violation stemming from absconding from a halfway house.  The PA Board imposed a twelve month term of imprisonment.  Id. at ¶ 5.

On July 1, 1999, the Pennsylvania authorities dropped the charges stemming from Petitioner's March 24, 1999 arrest, in lieu of federal prosecution.  Petitioner, however, remained in Pennsylvania state primary custody serving the twelve month probation violation term.  Id. at ¶ 6.

On July 15, 1999, Petitioner was loaned from the state authorities to the United States Marshal on a federal writ of habeas corpus ad prosequendum for

prosecution of federal charges of being a felon in possession of a firearm.  Id. at 7.

Petitioner remained in federal custody until April 25, 2001, when he was sentenced in the United States District Court for the Eastern District of Pennsylvania to 120 months imprisonment, three years supervised release, a $100.00 non-committed assessment, and a $1,000.00 non-committed fine.  The federal order was silent regarding whether the sentence should run concurrently or consecutively to Petitioner's state sentence.  Id. at 8.

On May 10, 2001, the United States Marshals returned Petitioner to the Commonwealth of Pennsylvania with the federal judgment and commitment order placed as a detainer by the United States Marshals Service.  Id. at ¶ 9.

On November 19, 2001, the PA Board revoked Petitioner's parole supervision due to the new criminal conduct for which the federal judgment was placed as a detainer.  The PA Board imposed a thirty month term of imprisonment, to run concurrent with the first twelve month term imposed on June 10, 1999.  The PA Board determined that Petitioner's parole violation term would commence on April 25, 2001, with no jail credit applied to Petitioner's parole violation sentence.  Petitioner's federal sentence began on September 6, 2003, when his state sentence expired and the state authorities relinquished custody.  Id. at ¶¶ 10-12.

3

Petitioner received prior custody credit on his federal sentence from March 24, 1999(the date of arrest) through April 24, 2001 (the date prior to commencement of his state sentence).  The period of time from April 25, 2001 through September 5, 2003, was credited toward Petitioner's state sentence. Petitioner has a projected release date from federal custody of September 9, 2010, via good conduct time release.  Id. at ¶ 13.

On December 5, 2003, Petitioner requested consideration for a nunc pro tunc designation to calculate his federal sentence as having begun on April 25, 2001,  the date it was imposed.  On January 14, 2004, the Northeast Regional Office for the Bureau of Prisons denied Petitioner's request because the Petitioner's case was not consistent with the intent of the federal sentencing court or with the goals of the criminal justice system.  Id. at ¶ 14.

On January 10, 2005, Petitioner filed the instant petition for writ of habeas corpus seeking credit on his federal sentence for the period of July 15, 1999 through April 24, 2001, the time spent in federal custody awaiting disposition of his federal charges and credit for  May 10, 2001 through September 5, 2003, the time spent in state custody before commencement of his federal sentence on September

4

6, 2003.[1] (Doc. 1).   Because the Bureau of Prisons ("BOP") has properly calculated Petitioner's sentence, the petition for writ of habeas corpus will be denied.

**Discussion**

The proper vehicle for challenging the erroneous determination of sentence credit by the BOP is a petition for relief under 28 U.S.C. § 2241 in the district where the defendant is imprisoned.  United States v. Donohue, No. 93 CR 422, 1999 WL 690154 (E.D. N.Y. Aug. 28,1999).  Failure by the BOP to implement the sentence imposed by a sentencing court mandates habeas corpus relief under § 2241.  See Rios v. Wiley, 201 F.3d 257 (3d Cir. 2000); see also Gomori v. Arnold, 533 F.2d 871, 874-75 (3d Cir. 1976)(holding that where prisoner seeking federal habeas corpus relief challenges the effect of events "subsequent" to his sentence, habeas corpus remedy is appropriate rather than motion pursuant to 28 U.S.C. § 2255). Because Petitioner is alleging that the BOP has failed to calculate his sentence correctly, he is properly before this court.

The Sentencing Reform Act of 1984 provides that "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively."

---

[1] As previously noted, Petitioner received credit on his federal sentence for the period from March 24, 1999, to April 24, 2001.

Because the Eastern District of Pennsylvania judgment was silent as to whether or not Petitioner's federal sentence should be served concurrently or consecutively with any future imposed state-court sentence, it was determined by the BOP that his federal sentence would run consecutively, commencing on September 6, 2003, after Petitioner's state sentence expired.

The BOP had to then determine if the petitioner was entitled to credit for any time he spent imprisoned before the federal sentence commenced. Congress has enacted 18 U.S.C. § 3585(b) to guide the Bureau of Prisons' calculation of credit. Title 18 U.S.C. § 3585(b) states:

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 337 (1992)(in

section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time."). Accordingly, a federal prisoner cannot receive credit for time served on a prior sentence if that detention time was already credited to the prior sentence. A review of the instant record establishes that although the state of Pennsylvania maintained primary jurisdiction over the Petitioner, having arrested him before his federal arrest,[2] Petitioner received prior custody credit as to his federal sentence for the period of time between March 24, 1999, when he was arrested by the Philadelphia Police, through April 24, 2001, the date prior to the commencement of his state parole violation sentence. Pursuant to § 3585(b), this period of time was credited toward Petitioner's federal sentence because it had not been credited to any other sentence. The period of time from April 25, 2001 through September 5, 2003, was credited toward Petitioner's state sentence and, pursuant to 18 U.S.C. § 3585(b), could not have been credited toward his federal sentence. Accordingly, the BOP was correct in calculating Petitioner's federal

---

[2] The sovereign which first arrested the offender has primary jurisdiction over the offender until that sovereign relinquishes it to another sovereign by , i.e., bail release, dismissal of the state charges, parole release, or expiration of the state sentence. Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000)

sentence by denying him credit on his federal sentence for the period of time in question that was credited to his state sentence.

**NOW, THIS 1st DAY OF JUNE, 2005, IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is **DENIED**.

2. The Clerk of Court shall **CLOSE** this case.

                                                   s/ William J. Nealon
                                                   **United States District Judge**